

2015 JAN 20 PM 12: 09

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71348-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHAD R. ZACHARIASEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 20, 2015 |
| | ) | |

VERELLEN, A.C.J. — Chad Zachariasen appeals from the judgment and sentence for his conviction of one count of possession of cocaine with intent to manufacture or deliver. He pleaded guilty to the charge and received the high end of the standard range at sentencing. He contends that the State breached the plea agreement to recommend a mid-range sentence when the prosecutor identified to the trial court potential aggravating factors that would support an exceptional sentence. Viewed in context, the prosecutor's conduct did not amount to a breach of the agreement. Rather, the prosecutor's argument was a response to Zachariasen's argument for a low end sentence and was made to refute mitigating factors he advanced in support of a lenient sentence. Accordingly, we affirm.

## FACTS

The State charged Zachariasen with one count of possession of cocaine with intent to manufacture or deliver. The standard range sentence for this charge was 60 to

120 months confinement. On December 5, 2013, Zachariasen entered into a plea agreement in which the State agreed to recommend a mid-range sentence of 90 months. Zachariasen specified in the plea agreement that he did not agree to this recommendation.

On December 9, 2013, Zachariasen submitted his sentencing recommendation to the court.[1] He asked the court to impose 60 months, the low end of the standard range, citing mitigating factors such as his age, studies on recidivism, and his prompt entry of guilty pleas on this and other cases in King County. He also requested leniency based on his explanation that he committed the offense to provide pain medication he could otherwise not afford for his sick and dying parents. He further urged the court to disregard his criminal history because it was from some time ago.

In response, the State submitted its sentencing recommendation in a memorandum filed on December 10, 2013. The State noted that Zachariasen's offender score was "off the charts," and that, while there was support for an exceptional sentence, the State was nonetheless seeking a mid-range sentence. The State argued against a low end sentence, contending that it would result in the offense being "too leniently punished."[2] The State noted that Zachariasen's prior unscored history "results in a presumptive sentence is clearly too lenient" and that the quantity of drugs involved suggested that he occupied a high position in the drug distribution hierarchy.[3] The State also challenged Zachariasen's assertion that he committed the crime due to his

---

[1] According to appellate counsel for Zachariasen, this document was not filed with the trial court but both parties and the court relied on it at sentencing. The document has since been filed and designated as part of the appellate record.

[2] Clerk's Papers (CP) at 68.

[3] Id.

parent's illness as factually unsupported, pointing to the facts in the King County case evidencing similar high level involvement in the drug distribution hierarchy.

On December 17, 2013, the parties appeared before the court for sentencing. The prosecutor announced the State's recommendation of 90 months, and Zachariasen then clarified that it was not an agreed sentence recommendation. The prosecutor then indicated to the court that it was "asking for 90," but added, "we could be in a good position to argue for an exceptional sentence over the 120."[4] The prosecutor noted Zachariasen's high offender score and the large quantity of drugs involved. The prosecutor also referenced pending cases in King County to which Zachariasen had also pleaded guilty but was awaiting sentencing.

Zachariasen objected that the court was "limited to the facts of this case" and indicated that he was not agreeing to the facts of the King County charges. But he also conceded that the court "certainly can be made aware of other charges" and that "it's part of his criminal history that he's entered pleas in King County and he's awaiting sentencing."[5] The prosecutor then concluded by stating, "Here his score alone and the quantity alone support 90 months or more. I would ask that you follow the State's recommendation."[6]

Zachariasen again objected, contending that the State was breaching the plea agreement by arguing that the charge justified a sentence of "90 months or more."[7] The court disagreed, stating, "I took it she was asking for 90 months. I didn't hear that she

---

[4] Report of Proceedings (Dec. 17, 2013) at 3.

[5] Id.

[6] Id. at 4.

[7] Id.

was asking for more than 90 months."[8] Zachariasen then proceeded to argue for a low end sentence, reiterating the grounds for leniency cited in his sentencing recommendation.

The court imposed a sentence of 120 months, stating, "I read the police reports more than once in this case. I've also familiarized myself with his criminal history. Frankly, in my mind, he deserves the high end of the standard range, 120 months, and 120 months is going to be my sentence."[9]

Zachariasen appeals.

## ANALYSIS

Zachariasen contends that the State breached the plea agreement by emphasizing aggravating factors that would support an exceptional sentence rather than advocating for its stated recommendation of a mid-range sentence. Thus, he contends, he is entitled to either withdraw the guilty plea or seek specific performance of the plea agreement. We disagree.

Because a defendant gives up important constitutional rights by agreeing to enter into a plea bargain, the State must adhere to the terms of a plea agreement by recommending the agreed upon sentence.[10] While the State need not enthusiastically advocate its sentencing recommendation, it has a duty of good faith to not undercut the terms of the agreement explicitly or implicitly.[11] To determine whether the plea agreement was breached, "we review the entire sentencing record and ask whether the

---

[8] Id.

[9] Id. at 7.

[10] State v. Sledge, 133 Wn.2d 828, 839, 947 P.2d 1199 (1997).

[11] Id. at 840.

prosecutor contradicted by words or conduct the State's recommendation for a standard range sentence."[12]

"A breach occurs when the State offers unsolicited information by way of report, testimony, or argument that undercuts the State's obligations under the plea agreement."[13] Viewed objectively in the context of the whole proceeding, a breach occurs when the State "crosses the line from objectively reporting facts that may have some bearing on the existence of aggravating factors to outright advocacy for those factors."[14] "But the State does not breach the agreement when it reiterates certain facts necessary to support a high-end standard range recommendation."[15] And "it may be necessary to recount certain potentially aggravating facts in order to safeguard against the court imposing a lower sentence."[16]

Viewed objectively in the context of the whole proceeding, the prosecutor's conduct here does not rise to the level of "outright advocacy" for an exceptional sentence based on the existence of aggravating factors.[17] Rather, the prosecutor's conduct is more fairly characterized as recounting "potentially aggravating facts in order to safeguard against the court imposing a lower sentence."[18] The prosecutor's remarks about these facts were not unsolicited; they were in response to defense argument for a

---

[12] State v. Halsey, 140 Wn. App. 313, 320, 165 P.3d 409 (2007).

[13] State v. Carreno-Maldonado, 135 Wn. App. 77, 83, 143 P.3d 343 (2006).

[14] State v. Van Buren, 101 Wn. App. 206, 215, 2 P.3d 991 (2000).

[15] Carreno-Maldenado, 135 Wn. App. at 84.

[16] Id.

[17] See id.

[18] See id.

lower sentence than the State's recommendation. Zachariasen explicitly disagreed with the State's recommendation in the plea agreement and intended to contest it at sentencing. He submitted a sentencing memorandum arguing for leniency and identifying mitigating factors in support of a low end sentence. The State responded by identifying facts that refuted Zachariasen's assertion that he committed the crime to help his dying parents and argued that the facts did not support a low end sentence. As the State argued:

> Nothing in the facts of the cases currently pending sentencing supports defense counsel's claim that the drug possession was an aberration brought on by the illness of the defendant's parents.
>
> . . . .
>
> Chad Zachariasen is not a man of moderate means, selling drugs to help his parents with access to medical necessities. By the quantities of drugs (both in terms of variety and volume) as well as the cash and stolen property it's apparent that the defendant is a mid to high level dealer who has made a considerable income from drug sales. A low end sentence is not appropriate for this individual.[19]

This was proper argument in response to Zachariasen's position. Viewed in context, it was not an attempt to undercut the State's obligation in the plea agreement and advocate for aggravating factors in support of an exceptional sentence.

The cases upon which Zachariasen relies are distinguishable and do not warrant reversal here. In <u>State v. Xavier</u>, the prosecutor and the defendant agreed to a recommendation for the low end of the standard range.[20] But at sentencing, the prosecutor emphasized the graveness of the crime, reiterated charges that the State did not bring, noted that the State could have sought a 60-year exceptional sentence, and

---

[19] CP at 69-70.

[20] 117 Wn. App. 196, 69 P.3d 901 (2003).

6

highlighted aggravating factors that would support an exceptional sentence, including a reference to facts that were not otherwise before the court.[21] The court held that the prosecutor's conduct constituted a breach of the plea agreement.[22]

Similarly, in State v. Carreno-Maldenado, the State's sentencing recommendation was agreed to by both parties.[23] The agreed recommendation was for the low end of the standard range on a first degree rape charge and a mid-range sentence on additional second degree rape charges.[24] At sentencing, the prosecutor indicated to the court that she wanted to speak "on behalf of" victims who were present but did not wish to address the court.[25] The prosecutor then described facts supporting aggravating factors, and the court imposed high end sentences on all counts.[26] On appeal, the court held that the State breached the plea agreement. As the court explained, because the State agreed to recommend a low end sentence, "there was no need for the State to recite potentially aggravating facts."[27] And while the court acknowledged that the State had more leeway on the mid-range recommendation to do

---

[21] Id. at 198-201 (prosecutor stated that defendant was "one of the most prolific child molesters that this office has ever seen," that he groomed young children "in the worst manner possible," that "molesting children permeated every aspect of [his] life and was his reason for being," and that his conduct was a "monumental violation of trust," describing facts relating to the violation of trust that were not contained in the presentence investigation report or were otherwise before the court).

[22] Id. at 198.

[23] 135 Wn. App. 77, 143 P.3d 343 (2006).

[24] Id. at 81.

[25] Id. at 80.

[26] Id. at 82. The prosecutor emphasized the predatory nature of the crimes, the vulnerability of the victims, and described the crimes as "so heinous and so violent it showed a complete disregard and disrespect for these women." Id. at 81.

[27] Id. at 84.

so, the prosecutor's remarks "went beyond what was necessary" to support the mid-range recommendation.[28] The court further noted that the prosecutor's remarks "were not a response to argument by defense counsel or an attempt to provide information which the court solicited."[29]

In both State v. Van Buren[30] and State v. Jerde,[31] the State agreed to recommend a standard range sentence while the presentence investigation report recommended an exceptional sentence. At sentencing, the prosecutor briefly noted the State's recommendation in the plea form but proceeded to identify aggravating factors the court could consider in support of an exceptional sentence, including factors that were not contained in the presentence investigation report.[32] In both cases, the court held that the prosecutor's conduct amounted to a breach of the plea agreement because the prosecutor unnecessarily highlighted aggravating factors proposed in the presentence report without any prompting by the court.[33] The court found particularly egregious that the prosecutor referenced additional aggravating factors not mentioned in the presentence investigation report.[34]

---

[28] Id. at 84-85. The court further held that even if the statements were made on the victims' behalf, there was still a breach because the record did not show that the prosecutor was answering the court's questions or assisting victims in the exercise of their rights to address the court, noting that the victims did not ask the prosecutor to serve as their proxy. Rather, the prosecutor's remarks were simply "unsolicited advocacy and contrary to the State's recommendation." Id. at 86-87.

[29] Id. at 85.

[30] 101 Wn. App. 206, 2 P.3d 991 (2000).

[31] 93 Wn. App. 774, 970 P.2d 1033 (1999).

[32] Van Buren, 101 Wn. App. at 209; Jerde, 93 Wn. App. at 777.

[33] Van Buren, 101 Wn. App. at 215-16; Jerde, 93 Wn. App. at 775.

[34] Van Buren, 101 Wn. App. at 216-17; Jerde, 93 Wn. App. at 782.

Unlike <u>Xavier</u> and <u>Carreno-Maldenado</u>, where there was an agreed low end recommendation and there was no reason to advocate for a higher sentence, the State here was recommending a mid-range sentence that the defense disputed. Thus, the State was in a position to advocate for a higher sentence, and the prosecutor's reference to potentially aggravating facts was proper argument in response to the defense position.[35] And unlike <u>Van Buren</u> and <u>Jerde</u>, there was no request for an exceptional sentence in the presentence investigation report of which the prosecutor took advantage and knew the court was considering when she pointed out the potential aggravating factors. Nor did the prosecutor here provide additional facts that were not before the court as in <u>Van Buren</u>, <u>Jerde</u>, and <u>Xavier</u>. Zachariasen fails to show that the prosecutor's conduct amounted to a breach of the plea agreement.

Affirmed.

WE CONCUR:

---

[35] <u>Contrast</u> <u>Carreno-Maldenado</u>, 135 Wn. App at 85 (noting that the prosecutor's remarks "were not a response to argument by defense counsel or an attempt to provide information which the court solicited").